Judge Robertson
delivered the opinion of the court.
This is a suit in chancery fo injoin a judgment at law for a part of the consideration of a tfact of land conveyed to Groom Uy Collard, and to rescind (he contract for delect of title.
The heirs of Collard, (he being dead,) were infants and non-residents. Without any publication or other service, a guardian ad litem was appointed to defend for them, who answered; and the court, on the final hearing, perpetuated the injunction and decreed a recision of the contract.
This decree must be reversed.
1st. The heirs, who were necessary parties, were not before the court. The order, appointing the guardian, states that it is made by consent of the parties. But who were the parties? The'heirs were not, as there had been no service on them, actual or constructive. They would not, therefore, be bound by the decree, exhibits. from any thing which the record
Chancellor will not always rescind contract, because vendor has not title to whole of land; but will decree to ven-dee compensation pro tanto.
2d. If the heirs had been properly made parties* the decree ought to have given them time, after attaining years of discretion, to contest it.
3d. On the merits, the facts do not justify the decree.
Groom had accepted a deed from Collard, and had enjoyed the use and possession of the land several years, without any disturbance. He made no complaint until Collard’s representatives had proceeded almost to “the end qf the iarw,” in the collection of the balance due for the land. The only objection to the title is, that Ninian Edwards and others hold an adverse and superior claim to a part of the land. They are all made defendants, except Edwards, and show that they have no claim to the land; One of them states, in his qnswer, that he bought the claim of Edwards, who owned 400 acres, which covered a part of the land sold to Groom, and that he had permitted another, associated with him, to sell and convey it to Collard. This conveyance did not vest tho' legal title in Collard, because the vendor had not such title; and it did not sell all the claim under Edwards, which the plat shows to be covered by that claim.
But there are satisfactory reasons for believing that neither Edwards nor those claiming under him, will’ fever disturb the title of Groom. By an amended answer, offered by the guardian, an attempt was made tci bring Edwards before the court, and obtain a decree against him quieting the title. But the court would hot permit the amendment to be filed. Why the heirs* if they had been regularly made defendants, should not be allowed to perfect Groom’s title, and relieve him from any fear of disturbance, we are at a loss to imagine. Especially, as for want of such assurance, the court resolved to rescind the contract.
In such a case as this, the contract should never be rescinded, if the title can be made secure, even by proceeding against those who may have adversary claims. See Jackson et al. vs. Murray, V. Mon. 189.
And if all the proper parties bad been before the court, and the attempt to obtain a release or waiver *489 ■of title by Edwards had failed, and it should have been ascertained that his title was the best, nevertheless, it would not have been the necessary quence, that the contract must be rescinded. Perhaps justice might, otherwise, have been more equally administered.
Haggin, Denny and Monroe, for plaintiffs; Triplett-, ' for defendant.
As the title is questioned, it would be proper, as the administrator and heirs of Collard are non-residents, to enjoin the collection of the consideration, until, by making Edwards a party, it shall be ascertained whether his claim will invalidate the right of Groom or curtail his quantity of acres. And then, if his claim shall be waived or shall be deemed inferior to that of Collard, the injunction should be dissolved without damages; but if his claim shall be ascertained to be such as will take from Groom a, part of his purchase, the court should decree compensation, pro tanto. •
The decree is reversed and the cause remanded-, for proceedings consistent with this opinion.